# Exhibit A

AB 14349305.1.1-16

Christopher Beres
7157 Narcoossee Road Ste. 1374
Orlando FL 32822



0014349305000011
Michael John Esker Nacchio, Esq.
10 Madison Avenue
Suite 400
Morristown NJ 07960-7322
USA

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM

July 2, 2026

Dear Mr. Nacchio:

Enclosed please find a Summons and Complaint, together with two copies of the Statement of Service by Mail and an Acknowledgement of Receipt pursuant to New York CPLR § 312-a.

As you are aware, CPLR § 312-a provides an efficient mechanism for acknowledging service voluntarily and avoiding unnecessary litigation costs. In the interest of efficiency and judicial economy, I respectfully request that you sign and date the enclosed Acknowledgement of Receipt.

**Please return the executed Acknowledgement of Receipt using the enclosed self-addressed stamped envelope to the following address:**

Christopher Beres (Andrew Delaney)
7157 Narcoossee Road #1374
Orlando, FL 32822

Please note that if the executed Acknowledgement of Receipt is not received within 30 days, I will be required to effect service through a professional process server. Pursuant to New York CPLR § 312-a(f), the Court may require the non-complying party to reimburse the costs of such service.

Thank you for your professional courtesy and cooperation.

Respectfully,

/s/ Andrew Delaney

Andrew Delaney
srview1@gmail.com

Statement of Service by Mail and
Acknowledgement of Receipt by Mail of
Summons and Complaint or Summons and Notice
or Notice of Petition and Petition

To:    Michael John Esker Nacchio

The enclosed summons and complaint, or summons and notice, or notice of petition and petition (strike out inapplicable terms) are served pursuant to section 312-a of the New York State Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney.  If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition.  The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

Statement of Service by Mail and
Acknowledgement of Receipt by Mail of
Summons and Complaint or Summons and Notice
or Notice of Petition and Petition

To:    Michael John Esker Nacchio

The enclosed summons and complaint, or summons and notice, or notice of petition and petition (strike out inapplicable terms) are served pursuant to section 312-a of the New York State Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney.  If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition.  The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT
OR SUMMONS AND NOTICE OR NOTICE OF PETITION AND PETITION


I received a summons and complaint, or summons and notice, or notice of petition and petition (strike out inapplicable terms) in the above-captioned matter at (insert address).

PLEASE CHECK ONE OF THE FOLLOWING; IF 2 IS CHECKED, COMPLETE AS INDICATED:

1. /    / I am not in military service.

2. /    / I am in military service, and my rank and branch of service are as follows:

Rank:_____

Branch of Service:_____


TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date:_____

(Date this Acknowledgement is executed)

I affirm the above as true under penalty of perjury.


_____

Signature

_____

Print name

_____

Name of Defendant for which acting

_____

Position with Defendant for which
acting (i.e., officer, attorney,
etc.)


PLEASE COMPLETE ALL BLANKS INCLUDING DATES

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------

ANDREW DELANEY

                    Plaintiff(s),

            -against-

MICHAEL JOHN ESKER NACCHIO, ESQ.;
STEPHANOS ZANNIKOS, ESQ.;
DOUGLAS A. GOLDSTEIN, ESQ.,

                    Defendant(s).

------------------------------------------------

Index No. 1793/2026

**Summons**

Date Index No. Purchased: 4|29|26

To the above named Defendant(s)

MICHAEL J.E. NACCHIO, ESQ., 10 Madison Ave Ste 400, Morristown, NJ 07960-7322
STEPHANOS ZANNIKOS, ESQ., 360 Lexington Ave Suite 1100 New York, NY 10017
DOUGLAS A. GOLDSTEIN, ESQ., 236 Millbrook Ave Ste 3R, Randolph, NJ 07869

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is CPLR § 503
which is Plaintiff resides in Bronx County and the injury occurred there.

Dated: Bronx, NY

        April 2, 2026

                    by _____
                    ANDREW DELANEY
                    Attorneys for Plaintiff
                    5680 Broadway and West 234th Street
                    Bronx, New York 10463
                    Mailing Address:
                    3550 N. Goldwater Blvd., #1038
                    Scottsdale, Arizona 85251
                    (917) 903-5500
                    srview1@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------x

ANDREW DELANEY,

       *Plaintiff,*

-against-

                                              Index No. 1793/2026

MICHAEL JOHN ESKER NACCHIO, ESQ.;
STEPHANOS ZANNIKOS, ESQ.;
DOUGLAS A. GOLDSTEIN, ESQ.,

       *Defendants.*

-------------------------------------------------------------x

## COMPLAINT

Plaintiff, Andrew Delaney, alleges as follows:

### SUMMARY

1. This action is brought against New York attorneys Michael John Esker Nacchio, Esq., Stephanos Zannikos, Esq., and Douglas A. Goldstein, Esq. for egregious, recurring, and systematic fraud and deceit, aimed at misleading Plaintiff's Chapter 7 trustee Gregory Messer and New York courts.

2. It arises from Defendants' knowing and repeated misrepresentations accusing Plaintiff of committing the crime of extortion.

3. Defendants further falsely represented that a judgment had been entered against Plaintiff for extortion, and that Plaintiff was appealing that judgment.

4. No such judgment exists, and no court has ever found that Plaintiff committed extortion.

5. Extortion is a criminal offense, and no court has made any such finding against Plaintiff.

6. The accusations arose from an **April 7, 2020 pre-litigation letter** sent by Plaintiff's counsel concerning a dispute involving Plaintiff's prior work. **See Exhibit 1**.

7. On May 27, 2020, the United States District Court for the Southern District of New York reviewed the letter, stated it did not contain the contents Defendants claimed that it did, and described it as "a routine demand letter" and "not an extortion".

8. Despite this, Defendants repeatedly represented in litigation filings and communications that Plaintiff had engaged in extortion and that a judgment for extortion had been entered.

1

9. These statements were false, intentionally misleading, and constitute attorney deceit under **New York Judiciary Law §487**.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to CPLR §§301 and 302.

11. Plaintiff resides at 5680 Broadway and West 234th Street, Bronx, New York 10463. From 1990-2024, he was admitted to practice in the Bronx (Appellate Division First Department).

12. Venue is proper in Bronx County pursuant to CPLR §503, as Plaintiff resides in Bronx County and the reputational and economic injury occurred here. Plaintiff suffered reputational and economic harm in Bronx County, where he resides.

## PARTIES

13. Plaintiff is an individual and former attorney in the First Department (Bronx) born in Riverdale and residing in Bronx County, New York.

14. Defendant Nacchio is an attorney admitted to practice law in New York with a business address at 10 Madison Avenue, Suite 400, Morristown, New Jersey 07960-7322.

15. Defendant Zannikos is an attorney admitted to practice law in New York with a business address at 360 Lexington Avenue, Suite 1100, New York, New York 10017.

16. Defendant Goldstein is an attorney admitted to practice law in New York with a business address at 236 Millbrook Avenue, Suite 3R, Randolph, New Jersey 07869.

## CHRONOLOGY OF EVENTS

### The Federal Action: *HC2, Inc. v. Delaney*

17. In 2020, litigation was filed in the United States District Court for the Southern District of New York concerning Plaintiff's prior work, captioned *HC2, Inc. v. Delaney*, No. 20-cv-03173 (S.D.N.Y.).

18. Defendants lied to manufacture jurisdiction and other procedural matters, which formed the background for the false statements described below.

### The April 7, 2020 Letter

2

19. On April 7, 2020, Plaintiff's counsel sent a written letter regarding a dispute involving Plaintiff's prior work.

20. The letter was a routine, pre-litigation demand letter seeking to resolve the dispute.

21. The letter asserts claims concerning alleged unlawful termination and workplace conduct and seeks to address those issues.

22. The letter did not threaten unlawful conduct.

23. The letter did not demand payment in exchange for silence.

24. On May 27, 2020, the federal court characterized the letter as "a routine demand letter" and "not an extortion": **"It is a routine demand letter and it's not extortion."**

25. The April 7, 2020 letter was before the court at the time of Defendants' statements.

### Defendants' False Accusations of Extortion

26. On March 25, 2021, Defendant Nacchio stated in a sworn declaration: "Finally, a lawyer who was assisting Delaney in carrying out his scheme to extort a significant payment from the Corporate Client." This statement falsely accused Plaintiff of engaging in criminal extortion, despite the absence of any such finding or judgment.

### Misrepresentation of the April 7 Letter

27. Zannikos submitted a certification on March 26, 2021, describing the April 7, 2020 letter.

28. Zannikos stated that the April 7, 2020 letter "threatened to commence legal action and publicly disclose confidential information if the demand was not met by the next day"; however, the letter contains no such language.

29. The April 7, 2020 letter contains no such threat or language, and the statement misrepresented documentary evidence submitted to the court.

30. The April 7, 2020 letter speaks for itself and does not contain the statements attributed to it by Defendants.

31. Defendants' statements were directly contradicted by documentary evidence before the court.

3

32. Despite repeatedly characterizing the April 7, 2020 letter in submissions to courts and in communications with the trustee, Defendants did not attach or provide the letter itself, asserting that it was confidential. The letter is attached hereto as Exhibit 1 and speaks for itself, and does not contain the statements attributed to it by Defendants.

33. The April 7, 2020 letter does not demand payment of $450,000 or any specific sum, contrary to Defendants' representations.

34. The April 7, 2020 letter does not impose any deadline requiring payment "by the next day" or otherwise.

35. The April 7, 2020 letter does not threaten the disclosure of confidential information in exchange for payment.

36. The April 7, 2020 letter was in Defendants' possession and available to them at the time they made the statements described herein.

37. Zannikos made these statements under penalties of perjury.

38. Defendants made these statements after the April 7, 2020 letter had been submitted to the court and after the court had ruled that the letter did not constitute extortion, and had access to both the letter and the court's ruling at that time.

39. Defendants knew that their statements were false at the time they were made.

40. Defendants' knowledge and intent may be inferred from the direct contradiction between their statements and the contents of the April 7, 2020 letter and the court's ruling.

41. Defendants continued to make these statements after the court had ruled that the April 7, 2020 letter did not constitute extortion.

**Statements to the Chapter 7 Trustee**

42. In December 2020, Plaintiff filed a Chapter 7 bankruptcy petition.

43. As reflected in billing records filed with the court, Goldstein communicated to Trustee Messer that Plaintiff had been found liable for extortion.

4

44. Defendants' communications to the trustee repeated the false assertion that Plaintiff had been found liable for extortion.

45. These statements were false and conveyed false information concerning Plaintiff in connection with ongoing judicial proceedings.

46. Defendants' statements were communicated to the trustee in connection with ongoing proceedings and were intended to influence the trustee's actions and positions.

### False Statement that a Judgment for Extortion Existed

47. On March 26, 2021, Messer filed a document stating:

"Upon information and belief, the Debtor is appealing a judgment entered against him for extorting his prior employer."

48. The trustee's use of the phrase "upon information and belief" reflects that the statement was based on information supplied by Defendants rather than independent knowledge.

49. This statement was based on information provided by Defendants, who knew that no such judgment existed and that no court had ever found Plaintiff liable for extortion, and was made in reliance on that information.

50. The existence of a judgment for extortion was material to the bankruptcy proceedings and to the trustee's evaluation of Plaintiff's assets, liabilities, and claims.

51. While reliance is not required to establish liability under Judiciary Law §487, the trustee in fact relied on Defendants' false statements.

52. Defendants repeated these false statements in multiple proceedings.

53. Defendants continued to repeat the false claim in subsequent proceedings, including statements that Plaintiff was "appealing a judgment for extorting his former employer," despite knowing that no such judgment existed.

54. Defendants repeated these statements in additional filings and submissions, including those attached as exhibits hereto, despite the absence of any judgment or finding of extortion.

### Harm to Plaintiff

55. Accusing a person of committing extortion constitutes an allegation of serious criminal conduct.

5

56. These statements were made knowingly and with intent to deceive courts and third parties.

57. Plaintiff suffered reputational injury, economic harm, and emotional distress.

### Timeliness and Prior Proceedings

58. Because the statements were repeated in multiple communications, Plaintiff's claims are timely.

59. The false statements were not isolated, but were repeated across multiple proceedings over an extended period.

60. Defendants' conduct constituted a pattern of repeated misrepresentations rather than an isolated instance.

61. In the alternative, each of Defendants' false statements concerning the existence of a judgment for extortion constitutes an egregious act of deceit independently sufficient to establish liability under Judiciary Law §487.

62. Prior federal proceedings did not adjudicate Plaintiff's state-law claims on the merits. Res judicata and collateral estoppel do not bar this action.

### CAUSE OF ACTION
### Violation of Judiciary Law §487 – Attorney Deceit

63. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

64. Defendants knowingly made false statements in judicial proceedings and to a bankruptcy trustee, with intent to deceive.

65. Defendants falsely accused Plaintiff of criminal extortion and misrepresented the existence of a judgment for extortion.

66. Defendants' statements were not expressions of opinion or legal argument, but false statements of fact concerning the existence of a judgment and alleged criminal conduct.

67. Defendants had no good-faith basis to assert that Plaintiff had engaged in extortion or that any judgment for extortion existed.

68. Defendants used these false statements as part of their litigation strategy in proceedings involving Plaintiff.

6

69. These statements were knowingly false and intended to mislead the tribunal and others involved in legal proceedings.

70. Defendants' false statements were made in submissions to courts and in communications directly affecting judicial proceedings, and were intended to mislead the court and other participants in those proceedings.

71. Defendants' statements had the natural tendency to mislead the court and other participants in the proceedings.

72. Defendants' conduct constitutes intentional deceit directed at courts and parties in judicial proceedings in violation of Judiciary Law §487.

73. Such conduct constitutes a serious abuse of the judicial process.

74. Plaintiff is entitled to treble damages pursuant to §487, as well as compensatory and punitive damages.

DAMAGES

75. As a direct result of Defendants' conduct, Plaintiff suffered reputational, economic, and emotional harm, including but not limited to adverse positions taken by the Chapter 7 trustee based on false information and the incurrence of legal costs to address and respond to Defendants' false statements.

76. But for Defendants' false statements, the trustee and other participants in the proceedings would not have been presented with the false assertion that Plaintiff had been found liable for extortion.

77. Plaintiff seeks treble damages pursuant to Judiciary Law §487.

78. Plaintiff also seeks compensatory damages, punitive damages, and costs and disbursements.

JURY DEMAND

79. Plaintiff demands trial by jury on all issues so triable.

Dated: April 2, 2026
      Bronx, New York

                    /s/ Andrew Delaney
                    Andrew Delaney
                    Plaintiff
                    5680 Broadway and West 234th Street
                    Bronx, New York 10463
                    Mailing Address:

7

3550 N. Goldwater Blvd., #1038
Scottsdale, Arizona 85251
(917) 903-5500
srview1@gmail.com

## VERIFICATION

I, Andrew Delaney, am the Plaintiff in this action. I have read the foregoing Complaint and know the contents thereof. The same is true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

I affirm this under the penalties of perjury pursuant to CPLR 3020.

Dated: April 2, 2026
Bronx, New York

_____
Andrew Delaney

8

Exhibit 1

*The Law Office of Christopher T. Beres*
*1600 Sarno Road, No. 1*
*Melbourne, FL 32935*
*Tel. (321) 339-9301*
*christopherberes8@gmail.com*

*April 07, 2020*

███

*Toyota Motor Corporation*
*1 Toyota-Cho*
*Toyota City*
*Aichi Prefecture 471-8571*
*Japan*
*akio.toyoda@toyota.co.jp*

*Dear Mr.* ███████████ *:*

*I represent Andrew Delaney against Toyota.*

*You used Mr. Delaney to be a* ██ *language document reviewer to assist you with* █████████
█████████████████████ *starting on September 30, 2019.*

*On March 17, 2020, you had Mr. Delaney illegally fired for raising concerns about unlawful and unsafe conditions in your workplace.*

*Prior to this date, you illegally disclosed Mr. Delaney's identity, involvement, and work-product to the other side.*

*At first, you did not inform him about the subject matter of the case which was* ███████████
███████████████████████

*Toyota insisted on* ███████████████████████
█████████

9

*For Toyota,* ███████████████████████████ *but you had no right to drag Mr. Delaney into this.*

███████████████████████████ *You have destroyed Mr. Delaney's residence and business and placed his life in grave danger.*

*After Mr. Delaney was a whistleblower and complained about* ███████ *, you defamed him, made up lies about him, and threatened him.*

*I hereby grant you 7 days from the date of this letter to contact me with your offer to settle this case.*

*If you fail to contact me by this date, I will commence legal action against you without further notice.*

*Very truly yours,*

*Christopher T. Beres*

Christopher T. Beres

10