USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/02/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW DELANEY,

Plaintiff,

-v-

MICHAEL JOHN ESKER NACCHIO, et al.,

Defendants.

26-cv-6763 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Andrew Delaney ("Plaintiff") moves, pursuant to 28 U.S.C. § 455(a) and 455(b)(1), to recuse the undersigned. Dkt. Nos. 20–22. For the reasons that follow, the motion is denied.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff brings a claim of attorney deceit under New York Judiciary Law § 487 against attorneys Michael John Esker Nacchio ("Nacchio"), Stephanos Zannikos ("Zannikos"), and Douglas Goldstein ("Goldstein" and, collectively with Nacchio and Zannikos, "Defendants"). Dkt. No. 1-1 ¶¶ 1, 63–74 (cause of action).[1] The basis of his claim is that Defendants falsely represented that a judgment had been entered against Plaintiff for extortion when no such judgment exists. *Id.* ¶¶ 2–3. Defendants' alleged false representation was based on a "routine, pre-litigation demand letter" sent on April 7, 2020 regarding a dispute about Plaintiff's prior work. *Id.* ¶¶ 19–20. The letter asserted claims for unlawful termination and workplace misconduct. *Id.* ¶ 21. Plaintiff alleges that on March 25, 2021, Nacchio stated in a sworn

[1] Citations to paragraphs of Dkt. No. 1-1 reference the complaint filed in New York County Supreme Court at pages 8–15.

declaration: "Finally a lawyer who was assisting Delaney in carrying out his scheme to extort a significant payment from the Corporate Client." *Id.* ¶ 26. Plaintiff alleges that Zannikos submitted a certification stating that the April 7, 2020 letter "threatened to commence legal action and publicly disclose confidential information if the demand was not met by the next day." *Id.* ¶ 28. Plaintiff states that the letter contains no such threat or language and that the statement misrepresented the evidence. *Id.* ¶ 29.[2]

In December 2020, Plaintiff filed a Chapter 7 bankruptcy petition. *Id.* ¶ 42. In the bankruptcy proceeding, Goldstein communicated to the trustee, Trustee Messer, that Plaintiff had been found liable for extortion. *Id.* ¶ 43. On March 26, 2021, Trustee Messer filed a document stating, "Upon information and belief, the Debtor is appealing a judgment entered against him for extorting his prior employer." *Id.* ¶ 47. Plaintiff alleges that this statement was based on the information provided by Defendants, who knew that no such judgment existed. *Id.* ¶ 49. Plaintiff alleges that he suffered reputational injury, economic harm, and emotional distress due to the misrepresentations. *Id.* ¶ 57.

Plaintiff initiated this case by complaint filed in the Supreme Court of the State of New York, Bronx County, on April 29, 2026. Dkt. No. 1 ¶ 1; Dkt. No. 1-1 at 8–15.[3] Defendants removed the case to federal court on August 7, 2026 on the basis of diversity jurisdiction under

[2] Plaintiff's complaint references a prior case before this Court, *HC2 v. Delaney*, Case No. 20-cv-3178 (S.D.N.Y. filed Apr. 22, 2020). That case was brought by Plaintiff's former employer, HC2, on claims of breach of contract and faithless servant against him. *HC2 v. Delaney*, 510 F. Supp. 3d 86, 93 (S.D.N.Y. 2020). At a conference on May 27, 2020, the Court addressed the April 7, 2020 letter and stated that the letter "makes no threat or mention of publicly disclosing information if Delaney is not paid" and "is a routine demand letter and it's not an extortion." *HC2*, Case No. 20-cv-3178, Dkt. No. 65 at 20:17–21:2; *see* Dkt. No. 1-1 ¶ 24.

[3] Citations to this docket entry use ECF pagination.

28 U.S.C. § 1332. Dkt. No. 1 ¶¶ 9–18. Plaintiff moved to remand the case on August 11, 2026. Dkt. Nos. 7–8. That motion is pending before Magistrate Judge Jennifer Willis. Dkt. No. 23.

Plaintiff filed the present motion for recusal on September 11, 2026. Dkt. No. 22.[4]

**DISCUSSION**

The Court has previously recited the standards applicable to a motion to recuse. *See HC2, Inc. v. Messer*, 2022 WL 61370, at *1–2 (S.D.N.Y. Jan. 6, 2022).

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and subsection (b)(1) of that same statute provides that the judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1); *see also United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998) ("A federal judge must recuse herself in any proceeding where her impartiality might reasonably be questioned, [or] where the judge has a personal bias or prejudice concerning a party. . . ." (internal quotation marks and citations omitted)).

While section 455(b) "addresses the problem of actual bias," section 455(a) "requires that a judge recuse himself whenever an objective, informed observer could reasonably question the judge's impartiality, regardless of whether he is actually partial or biased." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988)). Thus, under section 455(a), "the existence of the appearance of impropriety is to be determined 'not by considering what a straw poll of the only partly informed man-in the-street would show, but by examining the record facts and the law, and then deciding

[4] There are three motions for recusal on the docket. *See* Dkt. Nos. 21–22. The motions are identical, and the earliest is docketed as filed on September 11, 2026. Dkt. No. 22.

whether a reasonable person knowing and understanding all the relevant facts would recuse the judge.'" *Id.* at 126–27 (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988)); *see also Couri v. Pavia*, 2019 WL 3553357, at *2 (S.D.N.Y. Aug. 5, 2019) (discussing the objective standard for recusal). "The Second Circuit has cautioned that . . . the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of impropriety." *Couri*, 2019 WL 3553357, at *2 (alteration omitted) (quoting *Barnett v. United States*, 2012 WL 1003594, at *1 (S.D.N.Y. Mar. 26, 2012)).

"[R]ecusal motions are committed to the sound discretion of the district court . . . ." *Morrison*, 153 F.3d at 48 (quoting *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996)). "Disqualification is not required on the basis of remote, contingent, indirect or speculative interests." *Bayless*, 201 F.3d at 127 (quoting *Diamondstone v. Macaluso*, 148 F.3d 113, 121 (2d Cir. 1998)). "A judge is as much obligated not to recuse himself when it is not called for as he is obligated when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1312. "Were it otherwise, recusal motions would become a tool for judge-shopping and impeding the administration of justice." *Couri*, 2019 WL 3553357, at *2 (internal quotation marks omitted).

Plaintiff's allegations are as follows:

1. Plaintiff knew me and my father, Arthur L. Liman, who was a partner at the New York law firm Paul, Weiss, Rifkind, Wharton & Garrison. Plaintiff knew the "Liman's" "through the Kibel family in Westhampton and Riverdale, Bronx, New York, and "after plaintiff's friendship with the Kibel's ended in 1987, his relationship with the Liman's also ended." Dkt. No. 22 at 1.

2. During the summers of 1983 and 1984, plaintiff worked as a clerk in the managing attorney's office at the Paul Weiss firm and in September 1985, Arthur Liman[5] arranged for plaintiff's summer associateship at a New York law firm.
3. Early in my career, I was a partner at the predecessor firm to the law firm Wilmer, Cutler, Pickering, Hale and Dore LLP ("WCPHD"), and, notwithstanding that prior employment, I presided over *HC2, Inc. v. Delaney*, No. 20-cv-03178 (S.D.N.Y. filed Apr. 22, 2020), which involved claims by a job agency for WCHPD against Plaintiff.
4. Plaintiff additionally bases his motion on actions I took in my capacity as a judge in the *HC2* matter and the related litigation in *Delaney v. HC2, Inc.*, Case No. 24-cv-6287 (S.D.N.Y. filed Aug. 20, 2024).

My father was a partner at the Paul Weiss Rifkind firm. He passed away on July 17, 1997. I was born in December 1960. In my childhood, we had a home in Westhampton, New York. We ceased going to Westhampton by 1987 and sold the home shortly thereafter. (We never had a home in Riverdale.) My family had a friendship with the Kibel family. I do not recall seeing a member of that family since I was in my early 20's, *i.e.*, over forty years ago. I have no recollection of ever having met Plaintiff. I have no personal knowledge that Plaintiff ever met my father or worked at Paul Weiss. I resigned from the predecessor to WCPHD in 2003 to join another law firm.

---

[5] Plaintiff refers to "Mr. Liman" without specifying whether he intends to refer to the undersigned or his late father. The Court has no recollection of Plaintiff and was not in a position to and did not arrange a summer associateship for anyone in 1984 when the undersigned was in his first year at law school. The Court therefore assumes that Plaintiff intends to refer to Arthur Liman.

The Court has previously addressed Plaintiff's allegations regarding my employment with the predecessor to WCPHD in connection with a prior motion by Plaintiff for recusal. *HC2, Inc. v. Messer*, 2022 WL 61370 (S.D.N.Y. Jan. 6, 2022). I concluded that recusal was not required. The same analysis applies here (and need not be repeated) where the allegations are even further afield from The WCPHD firm. *See HC2*, 2022 WL 61370, at *3.

Plaintiff alleges that over forty years ago he clerked for two summers (in 1983 and 1984) at the law firm where my father was a partner, and that a year later my father assisted him in securing a position as a summer associate at a New York law firm. Dkt. No. 22 at 1. No objective, informed observer could reasonably question the Court's impartiality based on the limited connection between my father and Plaintiff. Even where judges themselves have had a prior professional connection or acquaintance with a party or their counsel, courts have found no basis for recusal. *See L. Offs. of Geoffrey T. Mott, P.C. v. Hayden*, 2023 WL 7386665, at *3 (E.D.N.Y. Nov. 8, 2023) (denying motion for recusal where judge worked in the same building as party thirty years prior, had no recollection of party, and has no current relationship with party); *Kaweske v. Banco Bradesco S.A.*, 2026 WL 1998602, at *3 (S.D.N.Y. July 10, 2026) ("It is well settled that a judge's acquaintance with a party, an attorney or a witness, without some factual allegation of bias or prejudice, is not sufficient to warrant recusal." (internal quotation marks and citation omitted)); *see also Riola v. Long Island Cycle & Marine, Inc.*, 352 F. Supp. 2d 365, 366 (E.D.N.Y. 2005) ("If recusal were required simply by virtue of the fact that a judge and an attorney in a case had once been employed in the same office, the administration of justice in this court and elsewhere would be severely hampered."). There is even less of a basis for recusal where the passing acquaintance was between the party and the court's family member, and is attenuated by over forty years, *cf. Kaweske*, 2026 WL 1998602, at *3 (denying

motion to recuse where judge's husband is co-counsel with party's firm on an unrelated case), and the court has no recollection of meeting Plaintiff prior to the cases brought in this court, *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (grounds asserted do not require recusal where "judge stated on the record that he did not know [party], and [movant] presented no evidence to the contrary"). *See also Gench v. Hostgator.com, LLC*, 2015 WL 4579147, at *2 (S.D.N.Y. July 29, 2015) ("[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality." (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988))).

Plaintiff additionally relies on actions taken in my judicial capacity in *HC2, Inc. v. Delaney*, No. 20-cv-03178 (S.D.N.Y. filed Apr. 22, 2020) and *Delaney v. HC2, Inc.*, Case No. 24-cv-6287 (S.D.N.Y. filed Aug. 20, 2024). In particular, Plaintiff notes, *inter alia*, the Court's decisions to grant a temporary restraining order, to grant HC2's motion to dismiss Plaintiff's amended counterclaims, the parties' appearances before the Court on discovery matters, and the Court's denial of Plaintiff's recusal motion. Dkt. No. 22 at 1–3. "[C]laims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (citing *Liteky v. United States,* 510 U.S. 540, 555 (1994)); *accord United States v. Adams*, 955 F.3d 238, 254 (2d Cir. 2020); *see also Hoffenburg v. United States*, 333 F. Supp. 2d 166, 178 (S.D.N.Y. 2004) ("Adverse judicial rulings, whether over the course of the same proceeding or in other litigation involving the party who is seeking recusal, do not constitute a basis for recusal."). Plaintiff does not identify any actions taken in either case that could form a basis for recusal; his motion is solely premised on

actions taken in my judicial capacity and he makes no reference to any extrajudicial conduct that could provide a reasonable basis for questioning impartiality.

## CONCLUSION

The motion to recuse is DENIED.

The Clerk of Court is respectfully directed to close Dkt. Nos. 20–22.

SO ORDERED.

Dated: October 2, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge